*L. Clark*, for plaintiff in error.

*Wilson & Smith*, for defendant.

------ • ◆ • ------

## STEINHELBER *v.* EDWARDS.

Under the statute, the signature of the indorser of a note, need not be proved, unless it is denied under oath.

*Error to Scott District Court.*

*Opinion by* GREENE, J. Appeal from a justice of the peace to the district court. The suit was commenced by

M. Edwards against Ezekiel Steinhelber, on a promissory note made by him to Jacob Berger, and indorsed by Berger to Edwards. By the decision of the justice, the plaintiff below was not permitted to recover, and he thereupon appealed to the district court, where the defendant objected to the admissibility of the note as evidence, without proof of the assignor's signature. The objection was overruled. This ruling is now urged as error, and raises the only point in the case, which has not been heretofore adjudicated by this court. In support of this decision, reference is made to the statute regulating promissory notes, &c. *Rev. Stat.*, 455, § 10. That section provides, that " the signature to all bills, promissory notes, bonds or other instruments, or to any assignments thereon, on which suit is or may be commenced in any of the courts of this territory (state), shall be considered *prima facie* evidence of their execution, and the party denying the same, his agent or attorney, shall deny the same by oath, when the party introducing the instrument shall prove the signature by extrinsic evidence: *Provided*, If the defendant fails to appear at the first term of the court, the plaintiff in order to obtain a judgment against him at that term, must prove the execution and assignment of the note, bond or other instrument." It is contended, that this section does not extend to the signature of a party, who transfers a note by indorsement. But we think it is obviously shown by the comprehensive letter of the section, that the legislature intended to comprise all such indorsements, under that remedial exemption from extrinsic proof. It extends to the signature of any assignments on the note. It is not limited to any particular class or kind of assignment, but applies indiscriminately to all, whether made in express terms or by necessary implication of law. The proviso of the section as explanatory of what precedes it, shows that after the appearance term, it is not necessary to prove either the execution or the assignment of the note. The word " assignment" in connection with those of " any assignments," in the second line of the section, manifestly extends in its

signification to an indorsement or transfer of the instruments designated. Any other construction would not, we think, be consistent with the object of the legislature in superceding unnecessary proof, where the signature is not denied under oath.. We conclude then, that the court below very properly admitted the note in evidence.

Judgment affirmed..

*E. Cook*, for plaintiff in error..

*P. Smith*, for defendant..